IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                          No. CR 03-2274 JB

JOHN and VIOLET GOULD,

        Defendants.

**MEMORANDUM OPINION**

        **THIS MATTER** comes before the Court on Defendant John Gould's Motion to Withdraw Guilty Pleas with Authorities, filed August 23, 2005 (Doc. 151)("Motion to Withdraw"). The Court held a hearing on this motion on November 28, 2005. The primary issue is whether Defendant John Gould has presented a "fair and just reason" to withdraw his guilty plea. Because the Court believes that the seven-factor balancing analysis that the United States Court of Appeals for the Tenth Circuit has outlined counsels in favor of allowing Gould to withdraw his guilty plea, the Court granted the motion.[1]

**FACTUAL AND PROCEDURAL BACKGROUND**

        Gould was formerly a lieutenant and floor supervisor at the Dona Ana County Detention Center ("DACDC") in Las Cruces, New Mexico, and the ultimate supervisor of the Cibola County Detention Center ("CCDC") in Grants, New Mexico. See Government's Opposition to John Gould's Motion to Withdraw Guilty Plea, filed September 21, 2005, at 2 (Doc. 156)("Opposition to Motion

---

[1] The Court granted Gould's motion on May 25, 2006. In its order granting the motion, the Court stated that it would, at later date, issue an opinion more fully explaining its reasons for granting the motion. This opinion is the promised rationale.

to Withdraw"). On May 13, 2005, Gould pled guilty to obstructing justice by making false statements in official reports he wrote concerning the allegedly unjustified assault of inmate Tampico Verdin-Rendon at the DACDC (Count II), and to using excessive force against inmate James Barber at the CCDC by shooting him eleven times with a riot control weapon while Barber was confined in a holding cell (Count III). See Transcript of Hearing at 17: 1-3 (taken May 13, 2005)("May 13 Transcript"). The Honorable Don J. Svet, United States Magistrate Judge, conducted Gould's plea hearing for which Gould's counsel was present. See id. at 1: 10-12.

Magistrate Judge Svet informed Gould of his right to a jury trial and of the requirement that the United States prove its case beyond a reasonable doubt at such a trial. See id. at 5-10. Gould was also appraised of the provisions of his plea agreement, including the provision that Gould could not withdraw the plea merely because the Probation Office recommended a sentencing guideline range higher than that to which the parties agreed. See id. at 10: 17-22, 16: 18-20. After Judge Svet gave Gould the opportunity to plead not guilty and to proceed to trial, Gould testified under oath that he was guilty of Counts II and III. See id. at 17: 1-3.

At the plea hearing, with respect to Count II, Gould stated that his report concerning Verdin was false because he had "said that the inmate wasn't restrained when he was restrained." See id. at 12: 7-8. With regard to Count III, Gould admitted, also at the plea hearing, that Barber was an inmate under his control, that he shot Barber "several times," and that his action was against the law. See id. at 12-13.

After the plea hearing, but before the scheduled sentencing hearing, the Probation Office issued its pre-sentence report. See Pre-sentencing Report, disclosed July 25, 2005, at 2. In it, the Probation Office recommended a sentence within the range prescribed for an offense level of 29. See

id. at 32. The United States, in accordance with its plea agreement with Gould, objected to the Probation Office's offense level calculation and urged an offense level of 26. See Addendum to the Pre-Sentence Report, Government Objections, submitted August 22, 2005, at 1-3. On August 23, 2005, several weeks after he received the pre-sentence report, Gould filed the motion to withdraw his guilty plea, pursuant to rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure. See Motion to Withdraw at 1. The United States opposes this motion and the relief it requests. See Opposition to Motion to Withdraw at 9.

Gould contends that several things occurred between the time of his plea and his sentencing hearing, scheduled for August 29, 2005, that counsel him to withdraw his guilty plea.

Gould maintains: that the United States materially breached the plea agreement by including facts in its pre-sentence report that were knowingly false – namely, that Gould struck Verdin's head against the floor several times; that he obtained, unsolicited, an affidavit from Barber confirming that Barber was attempting to commit suicide when Gould fired at him; and that he learned that there were written materials and a videotape evidencing that Joseph Garcia trained the CCDC staff in the use of the riot control weapon used against Barber in an improper manner and in a way that contradicted his "expert" testimony regarding appropriate use of the weapon, on behalf of the United States, before the grand jury. See Motion to Withdraw at 1-3; Transcript of Hearing at 4-6 (taken November 28, 2005)("November 28 Transcript"); Defendant John Gould's Reply to Government's Opposition to Evidentiary Submissions in Support of His Motion to Withdraw His Guilty Plea, filed December 12, 2005, at 3-6 (Doc. 167). The Barber affidavit and the Garcia related materials, Gould asserts, could go some way in refuting the United States' position that Gould's firing on Barber was clearly excessive, erroneous, and unreasonable. See id.

## LAW REGARDING WITHDRAWAL OF PLEAS

Rule 11(d)(2)(B) governs a motion to withdraw a guilty plea before the imposition of a sentence. Rule 11(d)(2)(B) provides that a defendant may withdraw a plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). District courts, however, have broad discretion in determining whether to grant motions to withdraw pleas. See United States v. Graves, 106 F.3d 342, 343 (10th Cir. 1997)(stating that "although a defendant's motion to withdraw a plea before sentencing should be freely allowed and treated with liberality, a trial court's decision on the issue is nevertheless discretionary," and will not be reversed "absent a showing that the court acted unjustly or unfairly."). The Tenth Circuit has repeatedly held that, when a defendant moves to withdraw a guilty plea before sentencing, the court must assess whether there is a fair and just reason for withdrawal based on the following factors:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and, if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

United States v. Yazzie, 407 F.3d 1139, 1142 (10th Cir. 2005). In assessing a motion to withdraw a guilty plea, courts should give particular weight to knowing and voluntary statements that the defendant made under oath at the plea hearing. See United States v. Messino, 55 F.3d 1241, 1248 (7th Cir. 1995). In reaching their decisions, courts should also note that: "[t]he plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992). While the right to withdraw a guilty plea before sentencing, therefore, is not absolute, the court should allow relief when the defendant can show a

fair and just reason for withdrawal.

## ANALYSIS

The seven factors that the Tenth Circuit has laid out for courts to consider in making a determination whether to allow a plea to be withdrawn weigh in favor of allowing Gould to withdraw his plea.

While Gould's motion does not explicitly assert his innocence, it does suggest that he now believes that he could put on a defense to his guilt on Count III. See Motion to Withdraw at 1-3. It is true that, whatever Barber's intentions, they have no bearing on whether it was objectively reasonable under the Fourth Amendment for Gould to shoot an inmate confined inside a holding cell with a riot control weapon. The Court cannot say conclusively, however, that any reasonable officer would have known that Barber was not in danger of choking himself to death with a pair of pants and that shooting him was not a reasonable means to prevent him from trying. These new defense possibilities, which the Barber affidavit and the improper training evidence allegedly support, may allow Gould to argue for his innocence and point towards allowing him to withdraw his plea.

The United States contends, and the Court recognizes, that allowing Gould to withdraw his plea would further prolong a case that has already experienced several delays. See November 28 Transcript at 11-12. The United States does not indicate, however, that allowing Gould to withdraw his plea would prejudice the government's case against him. In fact, the United States acknowledges that its witnesses are waiting, ready to testify against Gould. See id. The United States does not allege that any delay will make these witnesses less likely to testify or unsure of their testimony. See id. The prejudice to the government factor, then, also points in favor of allowing Gould to withdraw his plea.

Gould delayed in filing his motion to withdraw the plea. Gould filed his motion less than one week before his scheduled sentencing date. Gould argues that his rather late filing was the result of how the purported new evidence came to him and not as a result of purposeful or careless delay. See Defendant John Gould's Reply in Support of His Motion to Withdraw Guilty Plea, at 5-10, filed November 22, 2005 (Doc. 161)("Gould's Reply"); November 28 Transcript, at 17-18. While the Court cannot say for certain whether Gould's late filing resulted from the manner in which the "new" evidence was discovered, the Court also cannot say that Gould's eleventh-hour filing was deliberate or for want of care. As such, the delayed filing factor does not point away from allowing Gould to withdraw his guilty plea.

This Court does not believe that, given the gravity of Gould's circumstances, the withdrawal of his plea, with all that it implies, would substantially inconvenience the Court or waste judicial resources. The substantial inconvenience and waste of judicial resources factors, therefore, point towards allowing Gould to withdraw his plea.

Close assistance of counsel was available to Gould before and during his plea hearing. That matter is undisputed. Thus, the close assistance of counsel factor cuts away from allowing Gould to withdraw his plea of guilt.

It also appears that Gould's plea was knowing and voluntary; Gould nowhere alleges that it was not. Gould is articulate, aware, and comes to the Court having spent a career in law enforcement. Furthermore, Gould's counsel, Judge Svet, and the government's counsel all explained the plea agreement to Gould and acted to ensure that Gould's plea was given knowingly and voluntarily. The knowing and voluntary plea factor, then, also points against allowing Gould to withdraw his plea. That stated, the Court notes Gould's argument that he could not have known, at

the time of his plea hearing, that he was choosing between the plea agreement and the possible defenses he may now have before him as a result of recently discovered evidence. See Gould's Reply at 5-10.

This Court believes that the foregoing consideration of factors demonstrates that Gould has met his burden of presenting a fair and just reason for requesting a withdrawal. The Court, exercising its broad discretion over the matter, will, therefore, grant his motion.

**IT IS ORDERED** that Defendant John Gould's Motion to Withdraw Guilty Pleas with Authorities is granted. The Court will allow Gould to withdraw his guilty plea.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Alli Jernow
Kristy L. Parker
  Trial Attorney
  Criminal Section PHB
  Civil Rights Division
  United States Department of Justice
Washington, D.C.

– *and* –

David C. Iglesias
  United States Attorney for the
  District of New Mexico
J. Miles Hanisee
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Stephen D. Aarons
Santa Fe, New Mexico

*Attorney for Defendant John Gould*

Michael V. Davis
Albuquerque, New Mexico

*Attorney for Defendant Violet Gould*