**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                    No. CR 03-2274 JB

JOHN GOULD and VIOLET GOULD,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

     **THIS MATTER** comes before the Court on: (i) the Defendant John Gould's Motion to Vacate Trial Setting, filed September 14, 2006 (Doc. 208)("Motion to Vacate"); and (ii) the Defendant Violet Gould's Motion to Continue October 16, 2006 Trial Setting, filed September 21, 2006 (Doc. 213)("Motion to Continue").  The Court held a hearing on these motions on September 26, 2006.  The primary issue is whether the Court should vacate the trial set for October 16, 2006 and reset it for as late as the Spring of 2007.  Because the Court is concerned that denial of these motions will violate the Defendants' right to assistance of counsel and to a fair trial, the Court will grant the motions.

**FACTUAL BACKGROUND**

     The United States alleges that the defendants John Gould, Tyler Fraembs, and Christopher Touggourt abused inmate Tampico Verdin while Verdin was incarcerated at the Dona Ana County Detention Center ("DACDC") on or about October 16, 2002.  See Superseding Indictment, filed August 25, 2004 (Doc. 91), at 1-2.  Gould, Fraembs, and Tagert were employed as correctional officers at the time of the alleged incident.  See id.  Defendant Violet Gould is Mr. Gould's wife.  See

id. Ms. Gould worked as a medical technician at DACDC. See id.

Following the Verdin incident, the Goulds left their employment with DACDC and became employees at the Cibola County Detention Center ("CCDC"). See id. at 1. Mr. Gould became the Administrator of the CCDC, while Ms. Gould became a medical technician. See id. On or about March 22, 2004, the United States alleges that Mr. Gould abused and injured James Barber, an inmate at CCDC. See id. at 3-4. Ms. Gould is alleged to have been present at the Barber incident and was involved in his subsequent medical treatment. See id. at 4-5

**PROCEDURAL BACKGROUND**

On November 12, 2003, Mr. Gould, Fraembs, and Tagert were indicted on five counts of civil rights violations. See Indictment, filed November 13, 2003 (Doc. 1), at 1-5. Fraembs and Tagert have both entered guilty pleas and are awaiting sentencing. See Clerk's Minutes of Christopher Tagert Guilty Plea, filed July 20, 2004 (Doc. 86), at 1; Clerk's Minutes of Van Tyler Fraembs Guilty Plea, filed June 25, 2004 (Doc. 74), at 1. Ms. Gould has not been charged in the Verdin matter. See Superseding Indictment; Indictment.

On or about August 25, 2004, a Superseding Indictment was brought against Mr. Gould alleging civil rights violations based on the Barber incident in March 2004. See Superseding Indictment at 3-4. Additionally, Count V of the Superceding Indictment alleged Ms. Gould made false statements to investigative officers regarding the Barber matter and charged her with Witness Tampering in violation of 18 U.S.C. § 1512(b)(3). See id. at 4-5. She is not charged, however, with any form of abuse involving Barber or of any other inmate. See id.

In short, Mr. Gould is alleged to have committed two separate acts of civil rights violations based on separate incidents in two different County Detention Centers – the Verdin incident at

DACDC on October 17, 2002, and the Barber incident at CCDC on March 22, 2004.

On September 13, 2006, the Court gave Notice of Hearing for trial to commence on October 16, 2006.  See Notice of Hearing, at 1, filed September 13, 2006 (Doc. 206).

Mr. Gould's counsel, Mr. Stephen D. Aarons, gave notice of his unavailability from October 11 until October 18, 2006.  See Notice of Unavailability of Defense Counsel, filed September 11, 2006 (Doc. 203).  The trial which Mr. Aarons has that week involves multiple juvenile defendants accused of first-degree kidnapping.  See Motion to Vacate at 1.  The defendants in that case have remained in custody, and Mr. Aarons represents that no continuances are contemplated.  See id.  Mr. Aarons asserts  that he was recently appointed to that case on an emergency basis because of the former counsel's physical inability to proceed.  See id.  Mr. Aarons further states that, as a result of the recent nature of this development, he will need to engage in intensive investigation and preparation with respect to that case in the few weeks remaining before it goes to trial.  See id.

Ms. Gould's counsel, Mr. Michael V. Davis, joins Mr. Aarons in requesting a continuance.  See Motion to Continue at 1.  Mr. Davis represents that Mr. Gould's decision to withdraw his guilty plea, which was made pursuant to an agreement with the United States that, in part, dismissed the charge against Ms. Gould, took him by surprise.  See id. at 2-4.  Mr. Davis maintains that he had not been devoting adequate time to preparing for Ms. Gould's defense, because, based upon Mr. Gould's plea arrangement, he believed the matter to be moot.  See id. at 6.  Mr. Davis further asserts that he is presently involved in a federal prosecution of a triple homicide, and that it will prevent him from adequately preparing for Ms. Gould's defense for some time.  See id. at 5-7.

The Goulds move the Court, under 18 U.S.C. § 3161, to vacate the current trial setting.  Ms. Gould requests that the Court vacate the October 16, 2006 trial setting and not reset the trial until

-3-

the Spring of 2007.  See id. at 7.  The Goulds agree to waive their right to a speedy trial.  See id. at 7; Motion to Vacate at 3.

## LAW REGARDING "ENDS-OF-JUSTICE" CONTINUANCES

The Speedy Trial Act, 18 U.S.C. § 3161, requires that a defendant be tried within seventy days from the filing date of the indictment or from the date on which the defendant appears before a judicial officer, whichever date is later.  See 18 U.S.C. § 3161(c)(1).  Certain periods of delay are excluded and do not count toward the seventy-day time limit.  See 18 U.S.C. § 3161(h)(1)-(9).  More specifically, the Act excludes any period of delay "resulting from a continuance granted by any judge if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. 3161(h)(8)(A).  In determining whether an excludable "ends-of-justice" continuance should be granted, a district court should first consider the factors listed in Section 3161(h)(8)(B), including "whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. 3161(h)(8)(B)(iv).

If, after considering the relevant factors, a district court decides to grant a continuance, it must set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).  District courts' decisions to grant ends-of-justice continuances based on a weighing of the statutory factors are reviewed for an abuse of discretion.  See United States v. Theron, 782 F.2d 1510, 1513 (10th Cir. 1986).  If a factual

finding underpinning the decision is at issue, it is reviewed for clear erroneousness.  See id.  In granting an end-of-justice continuance, a district court must keep in mind that it is a "'rarely used tool' for those cases demanding more flexible treatment," United States v. Doran, 882 F.2d 1511, 1515 (10th Cir. 1989), and that the record must clearly establish that the court considered the proper factors at the time the continuance was granted, see  United States v. Gonzales, 137 F.3d 1431, 1433 (10th Cir. 1998); United States v. Doran, 882 F.2d at 1516.

## ANALYSIS

The Court is persuaded that a consideration of the statutory factors demonstrates that granting a continuance here would best serve the ends of justice.  Another trial of substantial magnitude precludes Mr. Aarons from attending, let alone effectively  preparing for, Mr. Gould's trial, and the Court does not believe that replacing Mr. Aarons at this time, given his lengthy relationship with Mr. Gould and knowledge of matters before the Court, is in Mr. Gould's best interest.  Additionally, Mr. Davis, reasonably believing -- at least until May 2005 -- that Mr. Gould's guilty plea had extinguished the case against Ms. Gould, has not prepared adequately to defend Ms. Gould, and it appears that a homicide case will prevent him from doing so for the next several months.  The Court also does not believe, given Mr. Davis' longstanding relationship with Ms. Gould and familiarity with the case, that Mr. Davis' replacement at this time would be in the best interest of Ms. Gould.  Further, while the United States has expressed understandable concern about the availability of witnesses, the proposed delay does not, at this stage, seem to disadvantage it in any material way.

Mindful of the foregoing, noting that the Defendants have waived their right to a speedy trial, recognizing that having a reasonable time to effectively prepare for trial is one of the factors to be

considered in an ends-of-justice continuance determination, and believing that ensuring that the Defendants' counsel have such time in this case outweighs the public's interest in a speedy trial, the Court will grant the Defendants' motions.

**IT IS ORDERED** that the Defendant John Gould's Motion to Vacate Trial Setting and  the Defendant Violet Gould's Motion to Continue October 16, 2006 Trial Setting are granted.  The Court will grant the Defendants a continuance, vacate the October 16, 2006 trial setting,  and reset trial for February 26, 2007.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Allison Jernow
Kristy L. Parker
   Trial Attorney
   Criminal Section PHB
   Civil Rights Division
   United States Department of Justice
Washington, D.C.

– and –

David C. Iglesias
   United States Attorney for the
   District of New Mexico

J. Miles Hanisee
   Assistant United States Attorney
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Stephen D. Aarons
Santa Fe, New Mexico

   *Attorney for Defendant John Gould*

-6-

Michael V. Davis
Albuquerque, New Mexico

*Attorney for Defendant Violet Gould*