## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                    No. CR 03-2274 JB

JOHN GOULD and
VIOLET GOULD,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Violet Gould's Renewed Motion for

Severance, filed March 19, 2007 (Doc. 290)("Ms. Gould's Second Severance Motion").  The Court

heard argument on this motion on March 20, 2007.  The primary issue is whether the Court should

sever the trials of Defendants John and Violet Gould.  Because the Court finds that the defenses of

Mr. and Ms. Gould are not so antagonistic as to be mutually exclusive, and thus concludes that

severance is not warranted in this case, the Court will deny the motion.

## PROCEDURAL BACKGROUND

On August 25, 2004, the grand jury returned the Second Superceding Indictment.  The

Second Superceding Indictment charges Mr. Gould with two counts of Deprivation of Rights Under

Color of Law, in violation of  18 U.S.C. § 242, and two counts of Witness Tampering, in violation

of 18 U.S.C. § 1512(b)(3), stemming from  alleged incidents involving inmates at the Dona Ana

County Detention Center ("DACDC") in Las Cruces, New Mexico and the Cibola County Detention

Center ("CCDC"), in Grants, New Mexico.  See Second Superceding Indictment at 1-4, filed August

25, 2004 (Doc. 91).  The Second Superceding Indictment also charges Ms. Gould with one count of

Witness Tampering, in contravention of 18 U.S.C. § 1512(b)(3), stemming from her alleged conduct at the CCDC.  See id. at 4-5.

On December 1, 2004, Mr. Gould filed his Motion to Sever Counts and Defendants.  See Motion to Sever Counts and Defendants, filed December 1, 2004 (Doc. 114)("Mr. Gould's Severance Motion").  Pursuant to rule 8 of the Federal Rules of Criminal Procedure, Mr. Gould moved for severance, arguing that "there had been a misjoinder of multiple charges unrelated to more than one defendant," and that "the joinder of offenses from Las Cruces and Grants would severely prejudice [the] defendant."  Mr. Gould's Severance Motion at 1-2.  Also on December 1, 2004, Ms. Gould filed her Motion for Severance of Defendants.  See Motion for Severance of Defendants, filed December 1, 2004 (Doc. 116)("Ms. Gould's First Severance Motion").  Ms. Gould requested severance under rule 14 of the Federal Rules of Criminal Procedure, contending that her defense would be prejudiced because Mr. Gould's invoking of his Fifth Amendment right against self-incrimination at their joint trial would preclude her from calling him as a witness to provide exculpatory evidence.  See Ms. Gould's First Severance Motion at 2.

Because the Court believed that the trials of Mr. and Ms. Gould would involve many of the same issues and witnesses, and that concerns about prejudice resulting from joinder were speculative, the Court denied Mr. Gould's Motion to Sever Counts and Defendants, see Order, filed September 26, 2006 (Doc. 218), and Ms. Gould's Motion for Severance of Defendants, see Order, filed September 26, 2006 (Doc. 219).

## LAW REGARDING SEVERANCE

Under rule 8(b) of the Federal Rules of Criminal Procedure, multiple defendants may be tried jointly "if they are alleged to have participated in the same act or transaction, or in the same series

-2-

of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Joint trials of defendants who are indicted together are preferred because 'they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" United States v. Hall, 473 F.3d 1295, 1301-02 (10th Cir. 2007)(quoting Zafiro v. United States, 506 U.S. 534, 537 (1993)). Pursuant to rule 14(a) of the Federal Rules of Criminal Procedure, however, a court may order separate trials if joinder appears to prejudice a defendant. See Fed. R. Crim. P. 14(a). "Inasmuch as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case." United States v. Hall, 473 F.3d at 1302 (quoting United States v. McConnell, 749 F.2d 1441, 1444 (10th Cir. 1984)).

A court should undertake a three-step inquiry in determining whether to grant a motion to sever.

> First, it must determine whether the defenses presented are so antagonistic that they are mutually exclusive. Second, because mutually antagonistic defenses are not prejudicial per se, a defendant must further show a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. Third, if the first two factors are met, the trial court exercises its discretion and weighs the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration.

United States v. Pursley, 474 F.3d 757, 765 (10th Cir. 2007)(internal quotations and citations omitted). If the conflict between co-defendants' defenses is such that the jury must necessarily disbelieve the core defense of one to believe the core defense of the other, the defenses are mutually antagonistic. See id. (citing United States v. Linn, 31 F.3d 987, 992 (10th Cir. 1994)). Defendants seeking severance must show that "the acceptance of one party's defense would tend to preclude the acquittal of the other, or that the guilt of one defendant tends to establish the innocence of the other."

United States v. Pursley, 474 F.3d at 765.  To establish prejudice, a defendant must identify a "'specific trial right' that was compromised or show the jury was 'prevented . . . from making a reliable judgment about guilt or innocence.'"  Id. at 766 (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)).  "[D]efendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."  Zafiro v. United States, 506 U.S. at 540.

A trial court that denies a request for severance will be reversed only where the defendant demonstrates an abuse of discretion.  See United States v. Pursley, 474 F.3d at 765.

## ANALYSIS

The Court does not believe that the defenses of Mr. and of Ms. Gould are so antagonistic as to be mutually exclusive.  The Court also does not believe that Ms. Gould identifies a specific trial right that joinder seriously risks compromising or demonstrates that joinder will prevent the jury from making a reliable judgment.  Accordingly, the Court will not grant the severance motion.

### A.   MR. GOULD'S JULY 14, 2004 STATEMENT DOES NOT REQUIRE SEVERANCE.

Ms. Gould argues that, because a July 14, 2004 recorded statement by Mr. Gould that assigns blame to medical staff, of which Ms. Gould was a part, for the condition of victim James Barber's wounds may be introduced at trial, there is a risk that Mr. Gould will defend himself by casting blame in Ms. Gould's direction, and that such could undermine Ms. Gould's defense to the extent that severance is required.  See Ms. Gould's Second Severance Motion at 1-2.  Mr. Gould's July 14, 2004 statement reads:

> "[Medical staff[ treated [Mr. Barber] up until the point he didn't want to be treated any more, and I didn't think that his injuries were that serious.  I'm not medically trained, so I relied on the medical staff to tell me whether he needed to go to the hospital or not."

-4-

Id.

The Court does not find that this statement, or evidence expressing like sentiment, requires the trials of Mr. and Ms. Gould to be severed.  First, the Court notes that Mr. Gould's July 14, 2004 statement was not, and equivalent remarks were not, introduced at trial.  Second, while Ms. Gould expressed concern that the introduction of such comments would raise a Bruton Sixth Amendment Confrontation Clause issue, the Court notes that Mr. Gould testified at trial and was subject to cross-examination, and that therefore issues that may arise when a co-defendant's statement inculpating a defendant is introduced without an opportunity for confrontation did not surface.  Morever, Bruton problems alone do not require severance.  See Spears v. Mullin, 343 F.3d 1215, 1235 (10th Cir. 2003)("A Bruton problem alone . . . is insufficient to require severance.")(citing United States v. Hill, 901 F.2d 880, 883 (10th Cir. 1990)).  Finally, even if Mr. Gould's July 14, 2004 statement, or statements like it, were introduced at trial, the Court does not believe they would require severance.  The July 14, 2004 statement does not directly reference Ms. Gould.  Further, the Court believes similar statements could be introduced and similar testimony could be elicited without expressly referencing Ms. Gould.  In addition, the July 14, 2004 statement does not contain information that goes to an element of the crime with which Ms. Gould has been charged.  The charge against Ms. Gould does not concern her administration of medical treatment; rather, it concerns, exclusively, alleged lies and misstatements she made to New Mexico State Police.

### B.    BARBER'S JULY 5, 2005 AFFIDAVIT DOES NOT REQUIRE SEVERANCE.

Ms. Gould contends that the introduction of Barber's July 5, 2005 affidavit, which suggests that the CCDC's medical staff and not Mr. Gould are responsible for his injuries, would cast blame on Ms. Gould, and thus force her to testify at her own trial.  See Ms. Gould's Second Severance

Motion at 2-3.  The Court concludes that the introduction of Barber's affidavit, or of evidence consistent with it, does not require severance.  First, the Court notes that Barber's affidavit, and evidence expressing like sentiment, was not introduced at trial.  Second, had the statement been introduced, it does not directly implicate Ms. Gould.  Finally, Barber's affidavit does not contain information that goes to an element of the crime with which Ms. Gould has been charged; the charge against Ms. Gould concerns alleged lies and misstatements, not the provision of inadequate medical care.

Considering the foregoing, the Court concludes that Mr. Gould's July 14, 2004 statement, Barber's July 5, 2005 affidavit, and similar evidence do not require severance.  Ms. Gould has not demonstrated to the Court that Mr. and Ms. Goulds' defenses are mutually exclusive.  Nor has Ms. Gould shown that joinder creates a serious risk that one of her trial rights would be compromised or that it would prevent the jury from arriving at a reliable judgment.  Because Ms. Gould has not demonstrated mutual exclusivity or a serious risk that a trial right or the jury's decision would be compromised, and because considerations of judicial administration outweigh any prejudice to Ms. Gould resulting from joinder, the Court will deny her motion.  The trial has lasted nine days, and it has made sense to try the Defendants together.

The Court recognizes that it has a continuing duty to determine whether severance of Mr. and Ms. Goulds' trials is required.  See United States v. McConnell, 749 F.2d at 1445 ("[A] trial court has a continuing duty to insure that prejudice does not occur, and if it does  to sever defendants or offenses.").  As of the filing of this motion, the Court does not believe that severance is necessary. The defenses of Mr. and Ms. Gould do not appear to the Court to be mutually exclusive.

**IT IS ORDERED** that Defendant Violet Gould's Renewed Motion for Severance is denied.

-6-

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Larry Gomez
  Acting United States Attorney
J. Miles Hanisee
Fred Smith
  Assistant United States Attorneys
Albuquerque, New Mexico

-- and --

Mark Blumberg
J. Evans Rice III
  Trial Attorneys
Civil Rights Division, Criminal Section
United States Department of Justice
Washington, D.C.

*Attorneys for the Plaintiff*

Steven Aarons
Santa Fe, New Mexico

*Attorney for Defendant John Gould*

Michael V. Davis
Albuquerque, New Mexico

-- and --

Scott M. Davidson
Albuquerque, New Mexico

*Attorneys for Defendant Violet Gould*

-7-